IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RANDY YOUNG,**

        **Plaintiff,**

  vs.                                                               Civil Action 2:05-CV-250
                                                                       Magistrate Judge King

**VARU, INC.,**

        **Defendant.**

## OPINION AND ORDER

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* ["ADA"], in which plaintiff seeks injunctive relief requiring remediation of alleged deficiencies in the property known as Knight's Inn, located on Dublin Road, Columbus, Ohio. *Complaint,* ¶9. With the consent of the parties, 28 U.S.C. §636(c), this matter is now before the court on defendant's motion to dismiss the action for lack of standing. Doc. No. 4.

Standing "imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendants within the meaning of Art. III." *Warth v. Seldin,* 422 U.S. 490, 498 (1975).  A plaintiff must at a minimum allege facts demonstrating that an actual case or controversy in fact exists:  "Abstract injury is not enough.  The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged ... conduct and the injury or threat of injury must be both 'real and immediate' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983).  In ruling on defendant's motion to dismiss for lack of standing, this Court must accept as true all material allegations of the complaint and must construe the complaint in plaintiff's favor. *See Warth v. Seldin,* 422 U.S. at 501.

The complaint alleges that plaintiff is an Ohio resident who suffers disabilities that "substantially [limit] his major life activity of walking." *Complaint,* at ¶7. In February 2005, it is alleged, plaintiff visited defendant's premises, requested an accessible room with a roll-in shower, but was informed that the hotel had no rooms that could accommodate his needs. "Plaintiff, Randy Young, wishes to return to the property to avail himself of the goods and services offered to the public at the property." *Id. See also Id,* at ¶8 [referring to plaintiff's "continued desire to visit the Defendant's premises"]; *Id.,* at ¶12 ["Plaintiff desires to visit the defendant's property now and in the future not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property, without fear or discrimination."]

Although the motion to dismiss characterizes these allegations as amounting to no more than conjecture and hypothesis, this Court, accepting as it must all material allegations in the complaint as true, *see Warth v. Seldin, supra,* 422 U.S. at 501, concludes that the allegations contained in the complaint are sufficient to establish, at this preliminary stage, that plaintiff has standing to pursue this claim and that this action presents a justiciable case or controversy.

Accordingly, the motion to dismiss, Doc. No. 4, is **DENIED.**

November 14, 2005            *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                            United States Magistrate Judge